## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Warren H.,**
**Plaintiff Below, Petitioner**

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0324** (Raleigh County 08-C-716)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Warren H.,[1] *pro se*, appeals the order of the Circuit Court of Raleigh County, entered March 2, 2012, denying his petition for a writ of habeas corpus. The respondent warden, by Laura Young, his attorney, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, a friend of the family and known to the victim, threatened her with a knife and sexually assaulted her multiple times in her home while her mother was at work. The victim was eleven years old at the time of the incident. She suffered two cuts on her mouth from the knife. Two of the victim's younger siblings were also in the home. Petitioner left the home the next morning about ten minutes before the victim's mother was scheduled to come home from working the night shift.

At trial, the victim identified petitioner as her attacker. On January 11, 2006, the jury found petitioner guilty of two counts of first degree sexual assault, battery, brandishing a deadly weapon, kidnapping (with bodily harm inflicted and a concession having been yielded), and nighttime burglary.

The circuit court reconvened on January 12, 2006, so that the jury could determine whether to recommend mercy with respect to the kidnapping conviction. Evidence was presented by both sides. However, the jury deadlocked over whether to make a recommendation for mercy.

---

[1] Petitioner's last name will not be used. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987) ("We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties.").

1

At a subsequent sentencing hearing, the circuit court sentenced petitioner as follows: (1) fifteen to thirty-five years on the first count of first degree sexual assault; (2) fifteen to thirty-five years on the second count of first degree sexual assault; (3) six months for battery; (4) one year for brandishing a deadly weapon; (5) life without the possibility of parole for kidnapping; and (6) one to fifteen years for nighttime burglary. The circuit court ordered the sentences on the first degree sexual assault convictions, battery, brandishing a deadly weapon, and nighttime burglary to run consecutively to one another for an aggregate term of thirty-two and a half to eighty-five years in prison. The circuit court further ordered that those sentences would run consecutive to petitioner's sentence of life without parole for kidnapping.

Petitioner filed a direct appeal on August 29, 2007. Appellate counsel raised seventeen assignments of error and was heard on the motion docket. This Court subsequently refused the appeal by an order entered May 22, 2008. A petition for a writ of certiorari was denied by the Supreme Court of the United States on November 17, 2008.

On August 11, 2008, petitioner filed a petition for a writ of habeas corpus. The circuit court appointed counsel to represent him. However, petitioner moved to proceed *pro se*. The circuit court granted the motion and reappointed counsel to serve in an advisory capacity. On April 14, 2009, petitioner filed an amended petition to which the circuit court ordered a response by August 3, 2009. The respondent warden filed his response on July 24, 2009.

Evidentiary hearings were held on June 30, 2010, and November 9, 2011. Trial counsel testified at both hearings, and petitioner subpoenaed appellate counsel to be at the November 9, 2011 hearing. When appellate counsel did not appear, the circuit court found that he was unavailable to be a witness because of a serious illness requiring hospitalization. Petitioner submitted a copy of the petition for appeal that was prepared by appellate counsel into the record without objection.

During the first hearing, the circuit court provided petitioner with a *Losh* checklist so that he could indicate thereon which grounds he was asserting and which grounds would be deemed waived. *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). However, petitioner declined to complete and sign the *Losh* checklist indicating that he did not want to waive any possible grounds. The circuit court determined that in order to make a comprehensive decision in the matter, "the court is compelled to address . . . all the possible contentions and prominent grounds envisaged in Losh, as well as those specific grounds asserted by the petitioner (footnote omitted)." In its ninety-nine page order, the circuit court addressed fifty-six possible grounds for habeas relief and denied the petition.

On appeal, petitioner makes numerous assignments of error including that both trial and appellate counsel were ineffective. The respondent warden argues that most of the alleged errors constituted nothing more than ordinary trial error and are, therefore, not cognizable in habeas corpus. *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979),

*cert. denied*, 464 U.S. 831 (1983). The respondent warden further argues that petitioner's claims of ineffective assistance of counsel do not merit relief.[2]

We review the circuit court's denial of a habeas petition under an abuse of discretion standard. *See* Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition. We hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.[3]

For the foregoing reasons, we find no error in the decision of the Circuit Court of Raleigh County and affirm its March 2, 2012 order dismissing petitioner's petition.

Affirmed.

**ISSUED:**   April 19, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] The respondent warden states that it was error for the circuit court to grant his motion at the November 9, 2011 hearing that the effectiveness of appellate counsel was not a proper subject of a habeas proceeding. The respondent warden argues the error was harmless because all the issues petitioner alleges appellate counsel did not "properly argue" were addressed by the circuit court in the habeas proceeding. There are three instances where the circuit court discusses appellate counsel's performance in its order. For example, the circuit court noted that the argument appellate counsel developed concerning the use of petitioner's juvenile records at trial was "the very same issue and argument postulated by the petitioner in his Amended Petition for Writ of Habeas Corpus." The circuit court concluded that the fact that counsel was not successful in preventing the juvenile records' admission did not mean that "defense *or appellate counsel*'s performance was deficient in this regard (emphasis added)." The circuit court further noted that [a]ppellate counsel . . . argued forcefully that the use of [petitioner]'s juvenile records from Washington, D.C., . . . constituted reversible error." Therefore, after careful consideration, this Court does not accept the respondent warden's concession. *See* Syl. Pt. 8, *State v. Julius* 185 W.Va. 422, 408 S.E.2d 1 (1991). The Court does agree, however, that any such error, if committed, was harmless.

[3] Certain names have been redacted. *See* Footnote One.