# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Randall Jeffrey L.,**
**Petitioner Below, Petitioner**

**FILED**

September 3, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 12-1196** (Mercer County 11-C-93)

**Marvin Plumley, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randall Jeffrey L.'s appeal, filed by counsel Paul R. Cassell, arises from the Circuit Court of Mercer County, which denied petitioner post-conviction habeas corpus relief by order entered on September 12, 2012.[1] Respondent Marvin Plumley, Warden, by counsel Benjamin F. Yancey III, filed a response.[2] Petitioner thereafter filed a reply. On appeal, petitioner argues that he received ineffective assistance from his first habeas corpus counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of various sexual offenses in 2000. His first petition for post-conviction habeas corpus relief was denied in 2002. The circuit court denied petitioner's second petition for post-conviction habeas corpus relief in 2012. Petitioner now appeals this order.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

---

[1] Because the underlying criminal matter involves sensitive facts in which the minor victim was related to petitioner, we have redacted petitioner's last name to protect the victim's identity. *See State v. Edward Charles L.,* 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the original respondent's name, Adrian Hoke, with Marvin Plumley, who is the present warden of Huttonsville Correctional Center where petitioner resides.

law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). The following standard is applied to claims concerning ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Petitioner raises the same arguments on appeal that he raised in circuit court. Petitioner argues that the circuit court erred in finding that his prior habeas counsel was not ineffective. Petitioner contends that his prior habeas counsel provided deficient performance by failing to assert four ways in which petitioner's trial counsel was ineffective: (1) trial counsel's failure to admit evidence concerning petitioner's scar and tattoo; (2) trial counsel's confusion of evidence concerning a custody battle over the victim, which petitioner asserts could have been a reason for the victim to lie about the alleged sexual abuse for which petitioner was convicted; (3) trial counsel's failure to request a cautionary instruction with regard to evidence concerning improper flight from the criminal trial; and (4) trial counsel's failure to admit evidence concerning petitioner's lack of lustful disposition towards children, petitioner's competency, an alleged breaking and entering at a church, and inadequate review of the *Losh* checklist.[3]

Upon our review of the record and the briefs on appeal, we find no error or abuse of discretion by the circuit court. All of the issues petitioner raises on appeal were issues addressed and discussed by the circuit court in its order denying petitioner post-conviction habeas corpus relief. Petitioner raises nothing new that support his arguments. Having reviewed the circuit court's "Order," entered on September 12, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's opinion letter and order to this memorandum decision.[4]

For the foregoing reasons, we affirm.

Affirmed.

---

[3]The checklist of grounds typically used in habeas corpus proceedings, commonly known as "the Losh list," originates from *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[4]Consistent with the first footnote of this Memorandum Decision, we have redacted the circuit court's order to protect the victim's identification, using an initial for petitioner's last name and only initials to reference other family members.

**ISSUED:**  September 3, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II