# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Timothy Samples,**
**Petitioner Below, Petitioner**

**FILED**

April 4, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0833** (Kanawha County 13-P-326)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Timothy Samples, appearing *pro se*, appeals the July 29, 2013, order of the Circuit Court of Kanawha County that dismissed his petition for a writ of habeas corpus without prejudice pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings. Respondent Warden, by counsel Derek Austin Knopp, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of first degree murder during the commission of an aggravated robbery and burglary. Petitioner was sentenced to life in prison without a recommendation of mercy on February 6, 1998. Petitioner filed a direct appeal which was refused by this Court on November 10, 1998. In a subsequent habeas corpus proceeding, petitioner was appointed counsel who filed an amended petition alleging errors in jury selection, ineffective assistance of counsel, and insufficiency of the indictment that led to petitioner's trial and conviction. Following a May 12, 2011, omnibus hearing, the circuit court denied the petition. Petitioner appealed to this Court which affirmed the denial of habeas relief in *Samples v. Ballard*, No. 11–1656, 2013 WL 1501421 (W.Va. Supreme Court, April 12, 2013).

On June 13, 2013, petitioner filed the instant petition for a writ of habeas corpus alleging (1) both trial and habeas counsel were ineffective in not raising with the circuit court the fact that two of his witnesses at trial testified while attired in prison clothing; and (2) petitioner was deprived of a fair trial because two of his witnesses wore prison clothing when testifying. On July 29, 2013, the circuit court dismissed the petition pursuant to Rule 4(c) which provides, in pertinent part, as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions

1

that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal." As part of its order, the circuit court directed that "[t]he Clerk of this Court shall serve a copy of this order upon the petitioner."

Petitioner appeals the circuit court's July 29, 2013, order dismissing the petition without prejudice. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner asks this Court to extend prior case law and hold a criminal defendant has a constitutional right to have his incarcerated witnesses testify in civilian clothing rather than in prison attire. Respondent Warden counters that petitioner's second petition is barred by the principles of *res judicata* as announced in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).[1]

This Court notes that it first held that a criminal defendant has no constitutional right to have his witnesses appear at trial without physical restraints or in civilian attire in *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied,* 464 U.S. 831 (1983). Although this holding is not absolute, the legal principle announced in *Mohn* has been reaffirmed in both *State v. Allah Jamaal W.*, 209 W.Va. 1, 543 S.E.2d 282 (2000), and *Gibson v. McBride*, 222 W.Va. 194, 663 S.E.2d 648 (2008). Therefore, this Court declines to revisit its holding in *Mohn*, especially given that petitioner has already had a fair and full opportunity to raise all relevant issues in a prior habeas proceeding.[2] The Court concludes that the circuit court did not

---

[1] In Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court held as follows:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared *pro se* having knowingly and intelligently waived his right to counsel.

[2] A subsequent habeas petition alleging ineffective assistance of habeas counsel is permissible under *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). However, this Court notes that in *Gibson v. McBride*, 222 W.Va. 194, 200, 663 S.E.2d 648, 654 (2008), it found that defense witnesses testifying in prison clothing and in restraints unduly prejudicial under the "unique facts" of that case. Therefore, this Court finds that habeas counsel's omission of the issue

2

abuse its discretion in dismissing the petition.

For the foregoing reasons, we affirm the circuit court's July 29, 2013, order dismissing the petition for a writ of habeas corpus without prejudice.

Affirmed.

**ISSUED**: April 4, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

from petitioner's prior proceeding did not fall below an objective standard of reasonableness. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (setting forth standard for determining ineffective assistance of counsel).