# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Luther Blackford III,**
**Petitioner Below, Petitioner**

**vs) No. 14-0448** (Berkeley County 11-C-463)

**Debra Minnix, Warden,**
**Pruntytown Correctional Center,**
**Respondent Below, Respondent**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Luther Blackford III, by counsel James P. Riley IV, appeals the Circuit Court of Berkeley County's April 9, 2014, order that denied his petition for writ of habeas corpus. Respondent Debra Minnix, Warden, by counsel Christopher C. Quasebarth, filed a response. On appeal, petitioner argues that the circuit court erred in denying his petition for writ of habeas corpus because he received ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2009, the Grand Jury of Berkeley County returned a three-count indictment against petitioner for (1) first-degree arson in violation of West Virginia Code § 61-3-1; (2) setting fire to lands in violation of West Virginia Code § 61-3-6; and (3) causing serious injury during an arson-related crime in violation of West Virginia Code § 61-3-7. In August of 2010, prior to trial, the State offered petitioner a plea agreement through his trial counsel. Under the plea agreement, if petitioner pled guilty to first-degree arson and causing serious injury during an arson-related crime, the State would dismiss the count of setting fire to lands and agree to a binding concurrent sentence on any prison term imposed. Petitioner's trial counsel sent him a letter the following day explaining the plea agreement and stating that, under the plea agreement, he could receive a maximum twenty-year prison term. He also wrote, "[a]s we discussed previously, a twenty year sentence would really be a 2 ½ to 10 year sentence." In mid-August of 2010, petitioner signed the plea agreement.

Three months later, in November of 2010, the circuit court held a plea hearing at which

1

petitioner pled guilty as reflected in the August of 2010 agreement.[1] Clearly handwritten on his plea paperwork, signed by him, are the maximum determinate sentences for each crime—twenty years in prison for one count of first-degree arson and fifteen years in prison for one count of causing serious injury during an arson-related crime. The circuit court sentenced petitioner to the maximum determinate terms for each crime to run concurrently to each other. The State dismissed the remaining count of setting fire to lands. Petitioner did not appeal that conviction and sentence.

According to petitioner, he filed a pro se petition for writ of habeas corpus in June of 2011.[2] Between 2011 and 2013, petitioner was appointed counsel who, in April of 2013, filed an amended habeas petition and *Losh* list.[3] The amended petition raised three grounds for relief: (1) defective indictment; (2) ineffective assistance of trial counsel; and (3) more severe sentence than expected. In October of 2013, the State filed its response and a motion to dismiss petitioner's habeas petition, and petitioner thereafter filed a reply to both the response and the motion to dismiss.

The circuit court held a hearing in January of 2014, at the conclusion of which it dismissed all of petitioner's habeas claims except for ineffective assistance of trial counsel due to mistaken advice as to the parole eligibility date. The circuit court asked petitioner's habeas counsel if he wished to have an omnibus evidentiary hearing on the ineffective assistance claim. Petitioner's habeas counsel offered his client's verified amended habeas petition, which included a statement that petitioner would not have pled guilty if he had known he was not parole eligible for five years, and trial counsel's letter from August of 2010. Both were admitted into evidence. Upon inquiry by the circuit court as to whether he wished to have another hearing on the ineffective assistance claim, counsel conceded that he had no additional evidence to provide on the issue. The circuit court took the matter under advisement.

By order entered on April 9, 2014, the circuit court denied petitioner's claim of ineffective assistance of counsel. This appeal followed.[4]

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We

---

[1]Notably, the parties did not include any transcripts of pertinent hearings in the record on appeal.

[2]The parties also did not include the 2011 pro se habeas petition in the record on appeal.

[3]*See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981)(providing an extensive, though not exhaustive, checklist of grounds potentially employed in habeas corpus proceedings, commonly referred to as "the *Losh* list.").

[4]It appears that petitioner received parole after his appeal became mature for review by this Court.

2

review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner's sole issue is the same as that presented to and considered by the circuit court—that he is entitled to habeas relief because his trial counsel was constitutionally ineffective for providing him a letter with the incorrect minimum parole eligibility period. Upon our review and consideration of the circuit court's order, the parties' arguments, and record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on the error he assigns in this appeal, which was also argued below. Having reviewed the circuit court's "Order Denying Petition for Writ of Habeas Corpus," entered on April 9, 2014, we hereby adopt and incorporate the circuit court's well-reasoned findings of fact and conclusions of law as to the assignment of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

STATE ex rel. JAMES LUTHER BLACKFORD III,

Petitioner,

v.

Case No.: 11-C-463
Judge Silver

DEBRA MINNIX, Warden,
Pruntytown Correctional Center,

Respondent.

VIRGINIA M. SINE. CLERK
2014 APR -9 AM 10:07
BERKELEY COUNTY CIRCUIT CLERK

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On January 8, 2014, came the Petitioner, not in person but by counsel, James P. Riley, IV, and the Respondent by Christopher C. Quasebarth, Chief Deputy Prosecuting Attorney, for a status hearing previously scheduled by the Court.

At that hearing, the Court denied each of the claims raised, except the claim of Ineffective Assistance of Counsel as to Advice on Parole Eligibility, which the Court took under advisement. [Order Partially Denying Petition for Writ of Habeas Corpus, 1/16/14.] Upon further consideration of the Petition, the Response thereto, and the Petitioner's Reply, the pertinent record of the criminal case and the law, the Court denies this final claim upon the following findings of fact and conclusions of law.

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 1, State ex rel. Kitchen v. Painter, 226 W.Va. 278, 700 S.E.2d 489 (2010).

1

R: 4/9/14
C. Quasebarth
J. Riley IV
B.K.

The record of the criminal case shows that the parties appeared before the Court twice regarding the plea agreement. First, at hearing on August 30, 2010, the parties informed the Court that a plea agreement was reached. A pre-plea investigation report was ordered. Next, on November 8, 2010, the Petitioner pleaded guilty to indicted felony charges of Arson in the First Degree and Causing Serious Bodily Injury During an Arson Related Crime. Pursuant to the agreement, the parties were free to argue sentencing but the State agreed that the court would impose the sentences concurrently. Pursuant to the agreement, the Court sentenced the Petitioner to the statutorily determinate twenty (20) years incarceration on the Arson in the First Degree conviction, and the statutorily determinate fifteen (15) years incarceration on the Causing Serious Bodily Injury During an Arson Related Crime, to run concurrently. [Plea and Sentencing Order, 11/18/10; Pre-plea order, 11/18/10, State's Plea Offer, 8/3/10, State v. James L. Blackford III, Case No.: 09-F-165.] The Petitioner never appealed from that conviction or sentence.

The two statutory offenses for which the Petitioner was convicted carry determinate sentences and carry a minimum amount of time to be served before parole eligibility. W. Va. Code § 61-3-1 (Arson in the First Degree) is a determinate sentence between two and twenty years, and carries a two-year minimum before parole eligibility. W. Va. Code § 61-3-7 (Causing Serious Bodily Injury During an Arson Related Crime ) is a determinate sentence between two and ten years, and carries a three-year minimum before parole eligibility. General parole eligibility for determinate sentences occurs when one has served one-fourth of the sentence. W. Va. Code § 62-12-13(b)(1)(A). "Good time" credit reduces a prisoner's incarceration time day for day, effectively cutting in half the maximum sentence. W. Va. Code § 28-5-27.

The Petitioner attached as an exhibit to his habeas Petition a letter from his trial attorney dated August 4, 2010, advising that the maximum "twenty year sentence would really be a 2-1/2

2

to 10 year sentence." [Petitioner's Exh.] That letter describes that the State will probably argue for the maximum sentences of fifteen and twenty years, but that the advantage for the Petitioner is the agreement that the sentences run concurrently. The letter plainly explains that the decision is the Petitioner's and that counsel would come see the Petitioner after he thought it over. [Id.]

The Petitioner's habeas claim is that he would not have accepted the plea if he knew that his parole eligibility date would be later than two and one-half years. At the January 8, 2014, habeas status hearing, upon the Court's inquiry if Petitioner's counsel wished to have an evidentiary hearing on the one remaining claim of Ineffective Assistance of Counsel as to Advice on Parole Eligibility, Petitioner's counsel declined the Court's offer and conceded that the Petitioner had no additional evidence to offer beyond his verified Petition and the letter exhibit.

Parole eligibility is not the same as a grant of parole. Eligibility is simply the minimum amount of time before an inmate may be considered for parole; the granting of parole is discretionary with the Parole Board. One eligible for parole may never be granted parole by the Parole Board. As noted by one court:

> Parole is very much a speculative proposition. Its happening is contingent on many factors unknown and nonexistent at the time of a guilty plea. Factors such as the conduct of appellant in prison, the composition and attitude of the parole board, the population of the prison system, the identity and attitude of the governor, the regulations governing "good time," etc., all are yet to be when the defendant decides to plead guilty. The erroneous advise from counsel about the time frame of parole eligibility is then about an event, parole, whose time of occurrence, if any, cannot even be accurately guessed at. It should not be accorded sufficient importance as to outweigh the other factors considered in this case.

Ex parte Carillo, 687 S.W.2d 320, 325 (Tex.Cr.App.,1985) (Miller, J., concurring).

3

The Petitioner makes no allegation that the State or the Court promised him that he would be eligible for parole on a date certain or that he would ever be granted parole. Trial counsel's August 4, 2010, letter makes no such promise. The Petitioner may yet be paroled upon becoming eligible. The Petitioner may never be paroled. Neither of these occurrences affect the sentence imposed:

> The subjective but, in hindsight, mistaken belief of a defendant as to the amount of sentence that will be imposed, unsupported by any promises from the government or indications from the court, is insufficient to invalidate a guilty plea as unknowing or involuntary.

Syl. Pt. 2, State v. Lake, 180 W. Va. 628, 378 S.E.2d 670 (1989); Syl. Pt. 1, State v. Pettigrew, 168 W. Va. 299, 284 S.E.2d 370 (1981). See Hart v. Plumley, West Virginia Supreme Court of Appeals Docket No. 11–1326, decided 2/11/13, 2013 WL 513183 (Memorandum Decision).

The Petitioner makes no allegation that he did not understand the possible penalties or the maximum sentence that could be imposed. The plea agreement reached by the Petitioner's trial counsel gave the sentencing court latitude on assessing the number of years for the sentence, but saved the Petitioner fifteen years of prison time through the condition that the sentences run concurrently. Had the Petitioner's sentences run consecutively, he would have faced thirty-five years in prison instead of the twenty received. The Petitioner alleges no evidence that he had a viable defense to the charges had he proceeded to trial that might have objectively reasonably changed his decision to plead guilty in exchange for the more favorable treatment of the plea agreement. The Petitioner is serving no additional time other than what was agreed upon. Considering the totality of the circumstances, which worked to the Petitioner's advantage, the Petitioner fails to prove that counsel's advice was objectively unreasonably deficient. Considering the totality of the circumstances, the Petitioner fails to prove a reasonable

4

probability that the outcome of this matter would have been different absent counsel's advice. Kitchen, *supra*.

For the foregoing reasons, the Petition for Writ of Habeas corpus is DENIED. No evidentiary hearing is required since the Court can make its findings based on the record in this case and State v. James L. Blackford III, Case No.: 09-F-165.

The Clerk is directed to remove this case from the active docket and place it among causes ended.

The Clerk shall enter this Order as of the date noted below and forward attested copies to the following counsel of record: Christopher C. Quasebarth, Chief Deputy Prosecuting Attorney, Berkeley County Prosecuting Attorney's Office, 380 West South Street, Suite 1100, Martinsburg, West Virginia 25401; and to James P. Riley, IV, Esquire, Post Office Box 1007, Martinsburg, West Virginia 25402.

Enter: _4/9/14_

Gray Silver, III, Judge
Twenty-third Judicial Circuit

A TRUE COPY
ATTEST
Virginia M. Sine
Clerk Circuit Court
By: _____
Deputy Clerk