# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brian E. Ashcraft,**
**Petitioner Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0644** (Harrison County 11-C-289-1)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian M. Ashcraft, by counsel Christopher M. Wilson, appeals the Circuit Court of Harrison County's June 4, 2015, order denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel Shannon Frederick Kiser, filed a response.[1] Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his habeas petition because his prior habeas counsel was ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2003, petitioner was convicted, by jury, of the offenses of first-degree murder, voluntary manslaughter, and carrying a concealed weapon without a license. Following those convictions, petitioner appealed to this Court. We refused petitioner's appeal in February of 2002.

After filing a petition for writ of habeas corpus in the circuit court, petitioner was appointed counsel to file an amended petition. The circuit court then held an omnibus evidentiary hearing on the petition over three days in April of 2006 and August of 2006. Thereafter, the circuit court denied the petition by order entered on September 4, 2008. Petitioner subsequently appealed the denial to this Court, and we refused the same in June of 2009.

Following the denial of his first habeas petition, petitioner filed a second habeas petition in the circuit court and alleged, primarily, ineffective assistance of prior habeas counsel.

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the original respondent, Anne Thomas, with David Ballard, who is the current warden of the Mount Olive Correctional Complex where petitioner is incarcerated.

Petitioner was appointed an attorney and an amended petition was filed below. Specifically, petitioner alleged that prior habeas counsel was ineffective for failure to address grounds not waived in petitioner's *Losh*[2] list; subpoena witnesses necessary to prove grounds asserted in the petition; and utilize expert testimony to support the claim of ineffective assistance of trial counsel. The circuit court held an omnibus evidentiary hearing on the second petition in October of 2012. Thereafter, the circuit court entered an order denying the petition on June 4, 2015. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that he was entitled to habeas relief because his prior habeas counsel was ineffective. The Court, however, does not agree.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's June 4, 2015, "Order Denying Second Petition For A Writ Of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  May 23, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis

---

[2]*Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II