# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Allen Parker,**
**Petitioner Below, Petitioner**

**vs) No. 16-0213** (Marion County 16-C-15)

**Mark Williamson, Warden,**
**Denmar Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner David Allen Parker, by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's February 8, 2016, order denying his petition for writ of habeas corpus.[1] Mark Williamson, Warden, Denmar Correctional Center, by counsel Benjamin Freeman, filed a response in support of the circuit court's order, to which petitioner filed a reply. Respondent filed a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his request for habeas relief wherein he alleged ineffective assistance of counsel and a violation of his due process and liberty interest by the West Virginia Board of Probation and Parole.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2001, petitioner was arrested, along with two co-defendants, for the murder of Arthur C. Warren. On July 19, 2001, petitioner pled guilty to first-degree murder, in violation of West Virginia Code § 61-2-1. At the time of the incident, petitioner was seventeen years old. He was sentenced on September 13, 2001, to a lifetime term of incarceration, with mercy.

---

[1]Petitioner originally named Marvin Plumley, Warden of the Huttonsville Correctional Center, as respondent in this matter. However, petitioner is no longer housed at the Huttonsville Correctional Center and is, instead, housed at the Denmar Correctional Center. Pursuant to Rule 41(c) of Appellate Procedure, the name of the correct public officer has been substituted as the respondent in this action.

1

In September of 2002, petitioner filed a petition for habeas corpus relief with the circuit court alleging (1) mental incapacity at the time of the crime; (2) ineffective assistance of trial counsel; (3) excessive sentence; (4) newly discovered evidence; (5) defects in the indictment; (6) involuntary guilty plea; (7) suppression of helpful evidence by the prosecutor; (8) the State's knowing use of perjured testimony; (9) the trial court lacked jurisdiction; (10) no preliminary hearing; (11) severer sentence than expected; and (12) mistaken advice of counsel as to parole or probation eligibility. In June of 2005, petitioner filed an addendum to his petition for writ of habeas corpus which was adopted by the circuit court as his amended habeas corpus petition. Following an omnibus evidentiary hearing in January of 2009, the circuit court entered an order on October 8, 2009, denying petitioner's amended petition for writ of habeas corpus.

In January of 2016, petitioner filed another petition for habeas corpus relief with the circuit court alleging (1) ineffective assistance of trial counsel; (2) disproportionate sentence; (3) mental incapacity at the time of the crime; (4) violation of due process and liberty interest by parole board; (5) involuntary guilty plea; (6) prejudicial pretrial publicity; and (7) newly discovered evidence. Following an omnibus evidentiary hearing, the circuit court found that all of the issues raised in petitioner's second petition for habeas corpus relief, except for the alleged violation of his due process and liberty interest by the parole board, had been raised in the previous petition and finally adjudicated or waived at the January 6, 2009, omnibus hearing. The circuit court also found that the decision to grant or deny parole is a discretionary assessment left to the West Virginia Board of Probation and Parole and, thus, it had no jurisdiction over the parole board issues raised by petitioner. Syl. Pt. 3, *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981). The circuit court entered an order on February 8, 2016, denying petitioner's petition for writ of habeas corpus. This appeal followed.

This Court reviews a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner contends that the circuit court erred in denying his second habeas petition. Petitioner alleges that his first habeas attorney failed to "investigate, prepare for[,] or call any witnesses" at the omnibus evidentiary hearing. "In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). We have also said,

[i]n deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995).

Respondent contends that petitioner had one omnibus evidentiary hearing in January of 2009, wherein the circuit court carefully addressed and properly dismissed each of petitioner's contentions and the petition. *See Losh v. McKenzie*, 166 W.Va. 762, 764, 277 S.E.2d 606, 609 (1981) (holding that every person "convicted of a crime shall have . . . one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated."). Respondent concedes that petitioner made allegations regarding ineffective assistance of habeas counsel, but argues that those allegations are insufficient to warrant a hearing and appointment of counsel based on the present record.[2] We agree with respondent.

Petitioner fails to establish how habeas counsel failed to investigate or prepare for the hearing. Petitioner makes general statements regarding habeas counsel's alleged "failure to review" the court file, "investigate the matter on his own," or "properly prepare for the omnibus hearing" but provides no evidence establishing how counsel's performance was deficient. Petitioner argues that the circuit court's denial of his first habeas petition is evidence of counsel's inadequate representation. We do not agree, given that the circuit court in the prior proceeding articulated the reasons petitioner was not entitled to relief on the grounds raised. Therefore, regarding petitioner's allegations, we find that the performance of his habeas counsel did not fall below an objective standard of reasonableness and, thus, did not meet the *Strickland/Miller* test for ineffective assistance. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

Petitioner next argues that the West Virginia Board of Probation and Parole ("Parole Board") violated his due process and liberty interests when it denied him parole. The eligibility of a prisoner for parole consideration and the factors to be considered by the parole board in determining the actual release of a prisoner upon parole are established by West Virginia Code

---

[2]We have previously held that

[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh*, 166 W.Va. at 762, 277 S.E.2d at 608.

§62-12-13.[3] "This statute provides generally that if the best interests of the State and the prisoner so indicate, the parole board may release a prisoner upon parole." *Rowe v. Whyte*, 167 W.Va. 668, 671, 280 S.E.2d 301, 303 (1981). We have also held that

> [t]he decision to grant or deny parole is a discretionary evaluation to be made by the West Virginia Board of Probation and Parole. However, such a decision shall be reviewed by this Court to determine if the Board of Probation and Parole abused its discretion by acting in an arbitrary and capricious fashion. *Tasker v. Mohn*, 267 S.E.2d 183, 190 (W.Va.1980).

167 W.Va. at 668, 280 S.E.2d at 301, Syl. Pt. 3.

Our review of the record on appeal indicates that petitioner failed to establish evidence that the Parole Board abused its discretion when it denied him parole. West Virginia Code § 62-12-13b enumerates special parole considerations for persons convicted as juveniles.[4] Despite petitioner's claims that the Parole Board denied him a meaningful opportunity to obtain parole and failed to consider the appropriate factors, he failed to specify exactly what factors the parole board allegedly failed to consider. Petitioner merely states that he no longer shows a "propensity for further violence," made "significant improvements," and demonstrated maturity while

---

[3]West Virginia Code § 62-12-13(a), provides, in part, as follows: "The Parole Board, whenever it is of the opinion that the best interests of the state and of the inmate will be served, and subject to the limitations provided in this section, shall release any inmate on parole for terms and upon conditions provided by this article."

[4]West Virginia Code § 62-12-13b provides that

[w]hen a person who is serving a sentence imposed as the result of an offense or offenses committed when he or she was less than eighteen years of age becomes eligible for parole pursuant to applicable provisions of this code . . . the parole board shall ensure that the procedures governing its consideration of the person's application for parole ensure that he or she is provided a meaningful opportunity to obtain release . . . . [d]uring a parole hearing involving a person described in subsection (a) of this section . . . the parole board shall take into consideration the diminished culpability of juveniles as compared to that of adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner during incarceration. The board shall also consider the following: (1) A review of educational and court documents; (2) Participation in available rehabilitative and educational programs while in prison; (3) Age at the time of the offense; (4) Immaturity at the time of the offense; (5) Home and community environment at the time of the offense; (6) Efforts made toward rehabilitation; (7) Evidence of remorse; and (8) Any other factors or circumstances the board considers relevant.

incarcerated. The record on appeal demonstrates that the Parole Board considered petitioner's educational and court documents, his participation in rehabilitative and educational programs, and his age and immaturity at the time of the crime and made the determination that petitioner was not an adequate candidate for parole. Thus, we find that the parole board did not abuse its discretion or act arbitrarily and capriciously in the manner in which it denied petitioner's parole.

For the foregoing reasons, we affirm the circuit court's February 8, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** May 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker