RUSSELL D. LOSH

*v.*

ARTHUR L. MCKENZIE, *Warden*

WEST VIRGINIA PENITENTIARY

(No. 14174)

Decided May 5, 1981.

*Larry N. Sullivan* for petitioner.

*Chauncey H. Browning*, Attorney General, *Michael G. Clagett*, Assistant Attorney General, for defendant.

NEELY, JUSTICE:

This case squarely presents an issue which was touched upon tangentially in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), namely the extent to which principles of *res judicata* apply in post-conviction habeas corpus proceedings. Appellant, Russell D. Losh, appeals a summary dismissal of his petition for a writ of habeas corpus because the court failed to provide for a full evidentiary hearing.

The appellant was convicted of first-degree murder upon a guilty plea in the Circuit Court of Calhoun County on 19 May 1975 and was sentenced to life imprisonment without mercy. In his amended petition for habeas corpus relief the appellant alleged that:

1. He was denied a psychiatric hearing to determine whether he was competent to stand trial and whether he was sane at the time he committed the acts alleged in the indictment against him.

2. He was denied equal protection and due process in that the court failed to follow a plea bargain agreement—the bargain allegedly being that the appellant would, upon a plea of guilty, receive a sentence of life with mercy.

3. He was denied due process and equal protection because incriminating statements were taken

from him and used in the proceedings against him without his having knowingly waived his right against self-incrimination; also, the indictment was void in that the primary evidence against him consisted principally of the statements illegally obtained.

4. He had not knowingly and intelligently waived right to trial by entering the guilty plea.

5. He did not know and understand the consequences of his act in entering the guilty plea—therefore, the plea and sentence were void.

6. He was denied effective assistance of counsel.

By order of 8 July 1977 Judge George M. Scott of the Circuit Court of Calhoun County concluded that grounds 1 and 6 were waived by the appellant when he failed to assert those grounds in prior *pro se* habeas corpus petitions and that grounds 3 and 5 were waived by his entry of a plea of guilty. The appellant argues that all of his previous petitions for habeas corpus were filed by him without the assistance of counsel and, contrary to the holding of the trial court, he did not knowingly waive his right to any grounds which were not asserted. We agree and remand the case for a full evidentiary hearing.

Obviously the petitioner has alleged some claims which, if proven, would entitle him to relief. The allegation that he was denied effective assistance of counsel was unlikely to have been raised at the trial or appellate stage. Furthermore, while the issue of whether petitioner had a valid plea bargain which was not kept could have been developed when petitioner was sentenced or on appeal, it would not have been developed if counsel were ineffective. Both of these contentions are, therefore, classic collateral issues.

I.

In general, the post-conviction habeas corpus statute, *W.Va. Code*, 53-4A-1 *et. seq.* [1967] contemplates that every person convicted of a crime shall have a fair trial in the circuit court, an opportunity to apply for an appeal to this Court, and one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated.

What constitutes full and fair litigation of an issue? Frequently habeas corpus petitioners seek collateral review of evidentiary or constitutional questions, such as the admissibility of a confession or failure to exclude physical evidence, when those issues were fully and fairly litigated during the trial and a record of the proceedings is available. In that event a court may apply rules of *res judicata* in habeas corpus because the issue has actually been fully litigated. *Call v. McKenzie, supra.*

There are other issues, however, such as incompetency of counsel, a coerced guilty plea, an unkept plea bargain, and sanity at the time the guilty plea was entered which will not have been raised or litigated in the underlying proceeding. Incarceration presents a substantial opportunity for education in the criminal law, and a person who has actually received ineffective assistance of counsel may discover that fact only upon consultation with some of our better inmate practitioners. While we have held in *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972) that the burden of proof rests on the petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which he could have advanced upon direct appeal, when the petitioner makes a *prima facie* case that he was denied a fair trial or his constitutional rights, the circuit court is obligated at some point to afford him an opportunity to offer proof to meet the burden of *Ford, supra.*

The word "waiver" is susceptible to numerous meanings and in the context of a post-conviction proceeding it is important to distinguish whether we are referring to a knowing and intelligent forbearance from the assertion of known rights or whether we are referring to an artificial procedural rule concerning the finality of judgments. In drafting the provision covering waiver, *W.Va. Code,* 53-4A-1 (c) [1967],[1] the Legislature clearly intended that the

---

[1] Under *W.Va. Code,* 53-4A-1(c) [1967]: [A] contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance,

concept of waiver was not to be interpreted in a strict, artificial, procedural sense. The Legislature selected the phrase "intelligently and knowingly," language borrowed from federal constitutional law.[2]

Rules of finality which prevent consideration of the merits of a post-conviction claim should be applied with caution. Furthermore, it is more reasonable to apply some of the artificial rules concerning the finality of judgments when the petitioner has been represented by competent counsel familiar with artificial rules, than when the petitioner appears *pro se* since he is unfamiliar with those rules. While we do not believe that a prisoner is entitled to habeas corpus upon habeas corpus, *Call v. McKenzie, supra*, we will not invoke *res judicata* principles until the prisoner has had a full and fair opportunity with the assistance of

---

such contention or contentions and grounds before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, unless such contention or contentions and grounds are such that, under the Constitution of the United States or the Constitution of this State, they cannot be waived under the circumstances giving rise to the alleged waiver. When any such contention or contentions and grounds have been advanced by the petitioner before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, but were not in fact so advanced, there shall be a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds.

[2] *Fay v. Noia*, 372 U.S. 391 (1963) interpreted waiver as requiring that the doctrine be invoked only when a defendant deliberately by-passes an opportunity to assert a right or voluntarily relinquishes it. Since the Legislature wrote that provision *Fay's* broad interpretation has been effectively overruled in *Wainwright v. Sykes*, 433 U.S. 72 (1977) which held that procedural default in state court bars review on federal habeas unless the petitioner can meet the two prong test of "cause and prejudice." For a discussion of habeas corpus and the waiver doctrine in particular, *see Nichol*, "Waiver under the West Virginia Habeas Corpus Act," 81 W.Va. L. Rev.393 (1979).

counsel to litigate all issues at some stage of the proceedings. Those issues, such as incompetency of counsel, of which he would have been unaware at trial, must be litigated in a collateral proceeding.

There appears to be some confusion in this jurisdiction regarding the proper interpretation of *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972) where we held in syl. pt. 1:

> "Under the provisions of Chapter 53, Art. 4A, *Code of West Virginia*, 1931, as amended, commonly known as 'post-conviction habeas corpus,' there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance."

This merely returns us to the question of whether issues were known or with diligence could have been known to the prisoner so that they could have been fully and fairly litigated in a previous proceeding. This question must always be answered in light of all of the surrounding facts and circumstances.

The difficulty with the case before us is that the petitioner never had appointed counsel in his post-conviction efforts to help him to amend his *pro se* petition and advise him about the problems of waiver. Furthermore there was never an omnibus hearing at which Judge Scott could inquire into his assertions concerning ineffective assistance, a coerced plea, or an unkept plea bargain, none of which would necessarily have been litigated or intentionally waived at any other stage of the underlying case. Waiver for failure to assert grounds in prior habeas proceedings can be applied only after counsel has been appointed and an omnibus hearing conducted; it cannot be applied for failure to assert grounds in a *pro se* application for an initial writ which was never awarded.

## II.

We now should like to avail ourselves of the opportunity which this case presents to address habeas corpus petitions

generally. In developing rules of waiver in this area it is necessary to strike some equitable balance between fairness to the petitioner and economy of judicial resources. Once a circuit court grants a *pro se* habeas corpus petition and appoints counsel for the petitioner, both counsel and the petitioner must raise all issues which are known to them or which, with reasonable diligence, would become known to them. That is a reasonable rule of procedure since the universe of all grounds for successful collateral attack on underlying convictions is comparatively small.

In order to insure that all of the applicant's possible contentions are fully considered at the omnibus habeas corpus hearing, counsel must fully interrogate the applicant. Counsel must evaluate the record, meet the applicant, and explain to the applicant that an omnibus habeas corpus hearing will render a final decision and that subsequent habeas corpus petitions will be summarily denied unless they address one of the narrow exceptions. These exceptions include: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively. Counsel should discuss with the prisoner every potential ground for collateral attack which is conceivably applicable to his case of which the legal literature is currently aware.[3]

Since counsel may not be familiar with every conceivable ground, he should, at a minimum, discuss with specificity each of the following prominent grounds which we have concluded are the most frequently raised. Several of these grounds have never risen to the requisite constitutional dimension to be sufficient for habeas corpus relief in our Court; however, we have been over-inclusive and listed all

---

[3] If the applicant entered a guilty plea his collateral attack is primarily limited to whether counsel's advice was competent. The applicable test for competency of counsel's advice at a post-conviction hearing is addressed at some length in *State v. Sims,* 162 W. Va. 212, 248 S.E.2d 834, 837-38 (1978). As we said in footnote 2 of that case, there are other possible grounds for challenging a guilty plea conviction in which counsel's advice may not be directly implicated.

grounds which might be considered sufficient. Here is our list but counsel should use his or her own imagination in developing further grounds: (1) trial court lacked jurisdiction; (2) statute under which conviction obtained unconstitutional; (3) indictment shows on face no offense was committed; (4) prejudicial pre-trial publicity; (5) denial of right to speedy trial; (6) involuntary guilty plea; (7) mental competency at time of crime; (8) mental competency at time of trial cognizable even if not asserted at proper time or if resolution not adequate; (9) incapacity to stand trial due to drug use; (10) language barrier to understanding the proceedings; (11) denial of counsel; (12) unintelligent waiver of counsel; (13) failure of counsel to take an appeal; (14) consecutive sentences for same transaction; (15) coerced confessions; (16) suppression of helpful evidence by prosecutor; (17) State's knowing use of perjured testimony; (18) falsification of a transcript by prosecutor; (19) unfulfilled plea bargains; (20) information in pre-sentence report erroneous; (21)ineffective assistance of counsel; (22) double jeopardy; (23) irregularities in arrest; (24) excessiveness or denial of bail; (25) no preliminary hearing; (26) illegal detention prior to arraignment; (27) irregularities or errors in arraignment; (28) challenges to the composition of grand jury or its procedures; (29) failure to provide copy of indictment to defendant; (30) defects in indictment; (31) improper venue; (32) pre-indictment delay; (33) refusal of continuance; (34) refusal to subpoena witnesses; (35) prejudicial joinder of defendants; (36) lack of full public hearing; (37) nondisclosure of Grand Jury minutes; (38) refusal to turn over witness notes after witness has testified; (39) claim of incompetence at time of offense, as opposed to time of trial; (40) claims concerning use of informers to convict; (41) constitutional errors in evidentiary rulings; (42) instructions to the jury; (43) claims of prejudicial statements by trial judges; (44) claims of prejudicial statements by prosecutor; (45) sufficiency of evidence; (46)acquittal of co-defendant on same charge; (47) defendant's absence from part of the proceedings; (48) improper communications between prosecutor or witnesses and jury; (49) question of actual guilt upon an

acceptable guilty plea; (50) severer sentence than expected; (51) excessive sentence; (52) mistaken advice of counsel as to parole or probation eligibility; (53) amount of time served on sentence, credit for time served.

We do not envisage that in any case more than a few of these grounds will be applicable to the underlying criminal proceeding. It is, therefore, not our intention that the trial court must orally inquire concerning the entire list since it is counsel's responsibility to focus the issues. The above list is furnished primarily for easy reference and should not be abused.[4]

At the conclusion of the hearing the judge should enter a comprehensive order which addresses not only the grounds actually litigated, but the grounds waived as well. Courts may employ whatever method they choose to accomplish this comprehensive waiver and we suggest that the court provide a written form which contains some, all, or more than the grounds suggested above.

We do not contemplate that trial judges must laboriously and in open court interrogate petitioners concerning every conceivable ground. Both petitioners and their lawyers can discuss these issues privately and can be expected to cooperate in filling out an appropriate form which contains the grounds enumerated, and requires the petitioner or his counsel to check the grounds waived. The Court can, however, inquire on the record whether counsel discussed all grounds which might apply to petitioner's case and whether petitioner was advised by his counsel about the grounds and intentionally waives them. A signed form can be included by reference in a very short paragraph of the order which disposes of the case on the merits and the form can be attached to the order for future reference. A copy of all circuit court orders in post-conviction habeas corpus shall be kept in the master file on habeas corpus petitions maintained at the Supreme Court of Appeals and a copy of

---

[4] Our opinion is addressed solely to post-conviction habeas corpus remedies that consider collateral attack on the underlying conviction and does not concern petitions addressing conditions of confinement under the Eighth Amendment's prohibition against cruel and unusual punishment.

all orders shall be available when any subsequent application is made by the same applicant.

An applicant wishing to appeal shall follow the procedure presented in our Rules of Appellate Procedure. Our rules are designed to provide an inexpensive and expeditious method of appeal that does not require the production of a transcript of the lower court hearing in every instance. Instead, under Rule 4A(c) of the W. Va. Rules of Appellate Procedure, petitioner's attorney may include a certificate that the facts alleged in the petition are faithfully and accurately represented to the best of his ability; alternatively, under Rule 4(c)(ii) of the W. Va. Rules of Appellate Procedure he may cause to be prepared, pursuant to the provisions of Rule 80 of the W.Va. Rules of Civil Procedure, a transcript of such part of the proceedings not already on file as he deems necessary for inclusion in the record.

We should also note at this juncture that a petition for a writ of habeas corpus filed *pro se* must specifically state in detail the underlying facts that support the claim. A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing. The trial judge makes the initial decision whether a petition shows probable cause warranting further inquiry and he can summarily deny unsupported claims that are randomly selected from the list of grounds, *supra*. We also remind potential applicants for habeas corpus that false answers to any of the questions posed in the *pro se* petition form may lead to prosecution for false swearing.

It is our belief that this admittedly laborious procedure will greatly enhance the administration of habeas corpus applications and will provide the best forum for the applicant. Under this system, *res judicata* should virtually preclude subsequent applications by prisoners so that judicial resources will not be sapped by continual consideration of habeas corpus claims that have already been addressed.

In the specific case before us, the judgment of the Circuit Court of Calhoun County is reversed and the case is

772

remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*