# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Andrew Perry,**
**Petitioner Below, Petitioner**

**vs.)  No. 17-0178** (Wayne County 16-C-117)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Andrew Perry, pro se, appeals the Circuit Court of Wayne County's February 13, 2017, order denying his second petition for writ of habeas corpus.[1] Respondent Ralph Terry, Acting Warden of Mt. Olive Correctional Complex, by counsel Sarah B. Massey, filed a response and supplemental appendix.[2] Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in concluding that his ineffective assistance of habeas counsel claim was previously and finally adjudicated and in denying his claim that he received ineffective assistance of habeas counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 5, 2005, petitioner was indicted on one count of first-degree murder. Petitioner entered into a plea agreement with the State whereby he agreed to plead guilty in exchange for the State's agreement to stand silent at sentencing. Petitioner argued for mercy, but the circuit court sentenced him to life imprisonment without mercy. Petitioner filed two direct appeals to this Court, which we refused in 2006 and 2007.

---

[1]On July 7, 2017, petitioner filed a motion seeking appointment of appellate counsel. That motion is hereby denied.

[2]Since the filing of the petition in this case, the warden at Mt. Olive Correctional Complex has changed, and the acting warden is now Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

On August 3, 2010, with the assistance of counsel, petitioner filed his first petition for writ of habeas corpus. On November 11, 2011, and April 18, 2012, the circuit court conducted an omnibus hearing. The circuit court denied petitioner's first habeas petition on July 16, 2012, which we affirmed in *Perry v. Ballard*, No. 12-0941, 2013 WL 2462195 (W.Va. June 7, 2013)(memorandum decision).

Petitioner, pro se, filed a second petition for writ of habeas corpus, which is the subject of the instant appeal. Petitioner advanced four grounds for relief: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, ineffective assistance of habeas counsel, and trial court error. After reviewing the petition, the record in petitioner's prior habeas, and various trial court records, but without holding a hearing or appointing counsel, the circuit court denied petitioner's second petition on February 13, 2017. In support of its denial, the circuit court found that petitioner's ineffective assistance of trial counsel claim was previously and finally adjudicated in his prior habeas proceeding. The circuit court found that due to the prior omnibus hearing, petitioner's ineffective assistance of appellate counsel claim was waived or, alternatively, previously and finally adjudicated along with petitioner's ineffective assistance of trial counsel claim. Although the circuit court found that petitioner's ineffective assistance of habeas counsel claim was also waived or previously and finally adjudicated because the claim implicated trial and appellate counsels' purported deficiencies, it nonetheless provided additional support from petitioner's other proceedings to support the summary dismissal of this claim. Finally, the circuit court found that petitioner waived his right to assert the alleged trial error and that such ground was not cognizable in habeas. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

We also bear in mind that

> [a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

2

On appeal, petitioner first asserts that the circuit court erred in summarily dismissing his ineffective assistance of habeas counsel claim on the ground that such was previously and finally adjudicated or waived. Petitioner argues that dismissing this claim without developing the record is "precipitous" and violative of his rights. He further argues that he "would have had to be psychic in order to raise this ground because his habeas counsel had not even performed, let alone performed ineffectively."

We find no error in the circuit court's summary dismissal of petitioner's second habeas petition. West Virginia Code § 53-4A-3(a), in relevant part, provides that

> [i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence (if any such record or records are part of the official court files of the court with whose clerk the petition is filed or are part of the official court files of any other court within the same judicial circuit as the court with whose clerk such petition is filed and are thus available for examination and review by such court) show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ, and such refusal shall constitute a final judgment.

Thus, it is clear that the circuit court had the authority to summarily dismiss the petition upon a finding that petitioner was entitled to no relief. As addressed below, petitioner's ineffective assistance of habeas counsel claim was without merit, so we find no error in the circuit court's summary dismissal of the claim.[3]

Petitioner's second assignment of error is that the circuit court erred in dismissing his ineffective assistance of habeas counsel claim because habeas counsel failed to allege three grounds for relief: first, that trial counsel was ineffective for failing to advise petitioner that he could empanel a jury to decide whether to recommend mercy; second, that appellate counsel was ineffective; and third, that the trial court erred in not permitting Dr. Nika Razavipour, who treated petitioner for mental health and substance abuse issues for approximately one year, to testify on petitioner's behalf prior to sentencing. Each will be addressed in turn.

---

[3]Although the circuit court dismissed petitioner's ineffective assistance of habeas counsel claim on the ground that it was previously and finally adjudicated or waived, we may affirm the decision for any just reason appearing from the record. Syl. Pt. 4, *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984) ("'This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).").

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). A claim may be disposed of for failure to meet either prong of the test. Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citation omitted).

Petitioner first claims that his habeas counsel was ineffective for failing to raise trial counsel's purported ineffectiveness in failing to advise him that he could empanel a jury to decide mercy. We note that at petitioner's October 10, 2005, plea hearing, the circuit court and petitioner had the following exchange:

THE COURT: Do you also understand that in a murder charge such as this, as far as the sentencing as to whether you're given mercy or no mercy, you also have the right to have a jury determine that. Do you understand that?

THE DEFENDANT: Yes, I understand.

THE COURT: Do you understand that not only do you – if you plead guilty in front of me, you could still ask to convene a jury to try the sentencing phase? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about that?

THE DEFENDANT: No, sir.

Accordingly, we find no merit to this claim. Even if this Court accepts as true that trial counsel failed to advise petitioner regarding this right, that such failure amounted to ineffective assistance of counsel, and that habeas counsel was ineffective in failing to raise this ground, we nonetheless find that petitioner is unable to show that the underlying proceedings would have been different. Petitioner was advised of his right to empanel a jury, indicated that he understood the right, and had no questions about it.

Petitioner's second claim is that habeas counsel rendered ineffective assistance of counsel by failing to pursue an ineffective assistance of appellate counsel claim. Petitioner does not articulate any specific alleged deficiencies with appellate counsel's representation in his brief on

4

appeal. In his second petition for writ of habeas corpus, however, he claims that appellate counsel was deficient because she was "not experienced enough at [the] time[.]" Petitioner's failure to set forth specific deficiencies and the facts in support of them justifies dismissal of this claim.

> A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing. The trial judge makes the initial decision whether a petition shows probable cause warranting further inquiry and he [or she] can summarily deny unsupported claims that are randomly selected from the list of grounds[.]

*Losh*, 166 W.Va. at 771, 277 S.E.2d at 612.

Finally, petitioner argues that habeas counsel was ineffective for failing to raise the alleged circuit court error concerning Dr. Razavipour's testimony. Such claims, however, are not cognizable in habeas. *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979) ("A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.") Thus, habeas counsel did not render ineffective assistance in failing to pursue a claim that cannot be addressed in a habeas proceeding, and because the claim cannot be addressed, petitioner cannot demonstrate that his underlying proceedings would have been different.

For the foregoing reasons, we affirm the circuit court's February 13, 2017, order denying petitioner's second petition for writ of habeas corpus.

Affirmed.

**ISSUED:** February 23, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

5