# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Vernon H. Dunlap,**
**Petitioner Below, Petitioner**

**vs.)  No. 17-0082** (Jefferson County CC-19-2010-C-377)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Vernon H. Dunlap, by counsel Christian J. Riddel, appeals the December 30, 2016, order of the Circuit Court of Jefferson County denying his second amended petition for post-conviction habeas corpus relief. Respondent Ralph Terry, Acting Warden, Mt. Olive Correctional Complex, by counsel Scott E. Johnson, filed a response in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in finding that his first habeas counsel's investigation was appropriate as a strategy choice.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the underlying criminal action, petitioner was indicted in September of 2005 for the first-degree murder of Jennifer Dodson. Ms. Dodson's body was found face down in a pool of blood in her home. Petitioner was Ms. Dodson's boyfriend and was last seen inside Ms. Dodson's apartment the night she was murdered. Petitioner was found unconscious in his truck that same night. When found, petitioner had two large knives in his possession, however, neither the knives nor petitioner were soiled with blood. At trial, four witnesses testified that petitioner confessed to them that he committed the murder. Petitioner's trial counsel asserted that the police arrested the wrong person and that no physical evidence linked petitioner to the crime. Ultimately, petitioner

---

[1]Petitioner originally listed David Ballard as respondent to this action. However, Ralph Terry is now the acting warden at the facility in question. Accordingly, the proper public officer has been substituted pursuant to Rule 41(c) of the Rules of Appellate Procedure.

was convicted of first-degree murder, without mercy. Petitioner was sentenced to life imprisonment without the possibility of parole. Petitioner appealed his conviction and this Court denied his appeal.

Petitioner filed his habeas petition pro se in 2006. Appointed counsel filed an amended petition alleging ineffective assistance of *trial* counsel, improper bifurcation of guilt and mercy phases, and the admission of inadmissible evidence. In April of 2008, petitioner and his trial counsel testified at an omnibus hearing. In October of 2008, petitioner's petition for habeas corpus (hereinafter "first petition") was denied. Petitioner appealed that denial and this Court affirmed the habeas court's order. *See State ex rel. Dunlap v McBride*, 225 W.Va. 192, 691 S.E.2d 183 (2010).

Thereafter, petitioner filed a *second* petition for writ of habeas corpus in the Circuit Court of Jefferson County asserting ineffective assistance of *habeas* counsel. New appointed counsel filed an amended petition and a supporting memorandum of law. In a ten-page order entered on December 30, 2016, the circuit court denied the amended petition after finding that petitioner was entitled to no relief. With regard to the first habeas counsel's investigation, the circuit court found that "[first habeas counsel]'s conduct arose from decisions involving strategy, tactics and arguable courses of action" and that "because other reasonable lawyers, similarly situated, would have acted in a like manner to prior habeas counsel, the petitioner fails to meet his burden of proof, and is not entitled to habeas corpus relief" on the second habeas petition. Petitioner now appeals that order.

We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

We also bear in mind that

> [a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner argues that the circuit court erred in finding petitioner's first habeas counsel's assistance was reasonable because counsel's level of investigation was the result of a

permissible strategic choice. Specifically, petitioner asserts that his first habeas counsel did not investigate or subpoena one of the witnesses to petitioner's confessions and that habeas counsel did not investigate the alibi of a potential suspect. Petitioner argues that strategic choices by counsel cannot be made without a thorough investigation.

We find no error in the circuit court's summary dismissal of petitioner's second habeas petition. West Virginia Code § 53-4A-3(a), in relevant part, provides that

> [i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence (if any such record or records are part of the official court files of the court with whose clerk the petition is filed or are part of the official court files of any other court within the same judicial circuit as the court with whose clerk such petition is filed and are thus available for examination and review by such court) show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ, and such refusal shall constitute a final judgment.

Thus, it is clear that the circuit court had the authority to summarily dismiss the petition upon a finding that petitioner was entitled to no relief. As addressed below, petitioner's ineffective assistance of habeas counsel claim was without merit, so we find no error in the circuit court's summary dismissal of the claim.[2]

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). A claim may be disposed of for

---

[2]Although the circuit court dismissed petitioner's ineffective assistance of habeas counsel claim on the ground that counsel's level of investigation was a strategic choice, we may affirm the decision for any just reason appearing from the record. Syl. Pt. 4, *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984) ("'This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syl. pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).").

failure to meet either prong of the test. Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citation omitted).

Petitioner's first claim that his first habeas counsel did not investigate or subpoena one of the witnesses to petitioner's confession is meritless because petitioner cannot claim a reasonable probability that the result of the proceedings would have been different. The record provides four witnesses that testified to separate confessions made by petitioner. Petitioner alleges that further investigation could produce information to discredit one of those witnesses, but three more individuals support the underlying conviction with testimony of petitioner's confession. Accordingly, we find that the circuit court did not err in finding that the first habeas counsel provided effective assistance.

Petitioner's second claim that the first habeas counsel did not investigate the alibi of a potential suspect is also meritless because petitioner cannot show that counsel's performance was deficient or that the result of his proceedings would have been different. Petitioner did not provide an affidavit of the allegedly missing information or the records he describes in his second amended habeas petition. In fact, petitioner provided no evidence to support his position. Petitioner makes only vague assertions that certain records or contact with this suspect would have produced discrepancies but does not assert how those discrepancies would manifest a change in the outcome. West Virginia Code § 53-4A-3(a) provides that summary dismissal is proper when "the petition, affidavits, exhibits, records and other documentary evidence" show to the satisfaction of the circuit court that petitioner is entitled to no relief. By not producing the records himself during the second habeas petition, petitioner's claims are too vague to meet his burden of proof. Accordingly, we find that the circuit court did not err in finding first habeas counsel provided effective assistance.

For the foregoing reasons, we affirm the circuit court's December 30, 2016, order denying petitioner's second amended petition for writ of habeas corpus.

Affirmed.

**ISSUED**:   April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4