# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Andrew Scott Perry,**
**Petitioner Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 19-0538** (Wayne County 18-C-121)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andrew Scott Perry, by counsel Paul R. Cassell, appeals the Circuit Court of Wayne County's May 30, 2019, order denying his third petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent of Mt. Olive Correctional Complex, by counsel Holly M. Flanigan, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in summarily dismissing his third petition for writ of habeas corpus.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2005, petitioner was indicted on one count of first-degree murder. Petitioner entered into a plea agreement with the State whereby he agreed to plead guilty, and, in exchange, the State agreed to stand silent at petitioner's sentencing. At sentencing, petitioner argued for mercy, but the circuit court sentenced him to life imprisonment without mercy. Petitioner filed two direct appeals, which were refused by this Court in 2006 and 2007. In August of 2010, with the assistance of counsel, petitioner filed his first petition for a writ of habeas corpus. On November 11, 2011, and April 18, 2012, the circuit court conducted an omnibus hearing. Regarding the potential habeas ground of "unfulfilled plea bargain," the Court questioned petitioner in the following exchange:

> [The Court]: Nineteen, unfulfilled plea bargain, meaning that you had a plea to a specific—specifically, a plea and also a sentence that was not fulfilled, that basically your plea agreement was not upheld by the Prosecutor or the Court. Do you believe there's any evidence of that?

1

[Petitioner]: No.

[The Court]: Okay. So, that one's waived.

The circuit court further questioned petitioner whether he understood that he could not "come back later and raise any of these issues that you waived today," and petitioner responded, "[y]es sir." By order entered on July 16, 2012, the circuit court denied petitioner's first habeas petition, which this Court affirmed in *Perry v. Ballard*, No. 12-0941, 2013 WL 2462195 (W. Va. June 7, 2013)(memorandum decision).

Petitioner later filed a self-represented second petition for a writ of habeas corpus. After reviewing the second petition, the record in petitioner's prior habeas and various trial court records, but without holding any hearing or appointing counsel, the circuit court denied petitioner's second petition on February 13, 2017. Petitioner appealed this denial, which this Court affirmed in *Perry v. Terry*, No. 17-0178, 2018 WL 1040364 (W. Va. Feb. 23, 2018)(memorandum decision). Finally, petitioner, through counsel, filed a third petition for a writ of habeas corpus in November of 2018. The circuit court summarily dismissed the third petition without holding a hearing, finding that petitioner expressly waived the issue of unfulfilled plea bargain at the omnibus hearing. The circuit court dismissed petitioner's third petition by order entered on May 30, 2019. It is from the May 30, 2019, order that petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

We also bear in mind that

> [o]ur post-conviction habeas corpus statute, W.Va. Code § 53–4A–1 *et seq.* (1981 Replacement Vol.), clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to him or which he could, with reasonable diligence, discover.

Syl. Pt. 1, *Gibson v. Dale*, 173 W. Va. 681, 319 S.E.2d 806 (1984). We further note that

> [a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have

2

been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner argues that the circuit court erred in summarily dismissing his third petition for writ of habeas corpus because he contends that he did not knowingly and intelligently waive his right to assert that his underlying plea agreement went unfulfilled and because he appropriately alleged that his prior habeas counsel was ineffective for failing to assert the claim in his first habeas petition. Without addressing the specific facts underlying petitioner's allegations of an unfulfilled plea bargain, we find that he is entitled to no relief, given his explicit waiver of an unfulfilled plea bargain claim during the omnibus hearing in his first habeas proceeding.[1]

West Virginia Code § 53-4A-3(a), in relevant part, provides that

[i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence (if any such record or records are part of the official court files of the court with whose clerk the petition is filed or are part of the official court files of any other court within the same judicial circuit as the court with whose clerk such petition is filed and are thus available for examination and review by such court) show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ, and such refusal shall constitute a final judgment.

As detailed in the record, petitioner was represented by counsel with respect to his first petition for a writ of habeas corpus, including having counsel present at the omnibus hearing. In his first petition, petitioner raised claims of ineffective assistance of trial counsel "in failing to properly analyze [petitioner's] mental state and possible mental health defenses," involuntary guilty plea, "that petitioner received a severer sentence than expected," excessive sentence, and that petitioner "received mistaken advice as to the plea or parole eligibility." Notably, petitioner

---

[1]Although the circuit court dismissed petitioner's ineffective assistance of habeas counsel claim on the ground that it was previously and finally adjudicated or waived, we note that this Court may affirm the decision for any just reason appearing from the record. Syl. Pt. 4, *N.C. v. W.R.C.*, 173 W. Va. 434, 317 S.E.2d 793 (1984) ("'This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).").

did not raise the issue of an unfulfilled plea bargain. In fact, when asked directly by the court about the possible ground of an unfulfilled plea bargain at the omnibus hearing, petitioner acknowledged that there was no evidence of any such claim. Accordingly, the circuit court stated that the possible ground of an unfulfilled plea bargain was thereby waived, which brought no objection by petitioner.

In denying petitioner's second habeas petition, the circuit court found that petitioner was adequately represented by habeas counsel who explained the *Losh* list to him when he previously waived claims at the omnibus hearing. Petitioner now argues that this alleged waiver was not knowingly and intelligently made but provides no evidence in support of his contention. *See Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972) (holding that "the burden of proof rests on petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced on direct appeal."). The record reflects that petitioner was represented by counsel at the omnibus hearing and that during said hearing, the habeas court questioned petitioner directly about the issue of his plea bargain and whether said plea was unfulfilled, to which petitioner specifically and explicitly acknowledged that there was no evidence to support any such claim. Accordingly, we find no error.

Finally, despite finding that petitioner waived the unfulfilled plea bargain claim, we conclude that the same claim is barred by res judicata. Here, petitioner was afforded an omnibus hearing for his first habeas corpus petition. We have long held that "all matters raised and as to all matters known or which with reasonable diligence could have been known" are barred by res judicata except for claims of ineffective assistance of habeas counsel, newly discovered evidence, and/or favorable changes in the law. *Losh*, 166 W. Va. at 762, 277 S.E.2d at 606, syl. pt. 4. On appeal, petitioner couches his unfulfilled plea bargain claim within an ineffective assistance of habeas counsel claim, but the unfulfilled plea bargain claim was a matter that petitioner knew of or could have known "with reasonable diligence" at the time of the omnibus hearing in his first habeas proceeding. *Id*. Therefore, we find that petitioner's unfulfilled plea bargain claim is barred by res judicata, and he is entitled to no relief on his third habeas petition.

For the foregoing reasons, we affirm the circuit court's May 30, 2019, order denying petitioner's third petition for writ of habeas corpus.

Affirmed.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4