**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Carl Lockhart,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0787** (Wood County 14-P-117)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Carl Lockhart, by counsel, Timothy P. Rosinksy appeals the Circuit Court of Wood County's April 6, 2021, order denying his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and William E. Longwell, filed a response and supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his claim of ineffective assistance of prior habeas counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1995, a petit jury convicted petitioner of one count of first-degree sexual assault, one count of battery, one count of burglary, and one count of assault during the commission of a felony. Following trial, the State filed a recidivist information seeking the enhancement of petitioner's sentences based on petitioner's previous felony convictions in 1977 and 1989. The jury found him guilty of recidivism, and the circuit court sentenced petitioner to not less than fifteen nor more than thirty-five years of incarceration for first-degree sexual assault, not less than two nor more than ten years of incarceration for assault during the commission of a felony, one year of incarceration for battery, and a life-sentence for his conviction of burglary based upon the recidivist

1

enhancement. The court ordered that all sentences run consecutively.[1]

In October of 2001, petitioner, as a self-represented litigant, filed his first petition for a writ of habeas corpus. On April 5, 2006, with the assistance of counsel, petitioner filed a supplemental petition for a writ of habeas corpus. In January of 2007, the circuit court conducted an omnibus hearing. The following exchange took place on the record:

> The habeas court: Does [petitioner] wish to testify or add anything that has not already been brought up?
>
> Habeas counsel: I asked him that, your Honor, and he said, "No."
>
> [Petitioner]: No.
>
> The habeas court: Are there any other matters not brought before the [c]ourt's attention that [petitioner] or counsel wish to bring up?
>
> Habeas counsel: No, your honor.

Later in the proceedings, the habeas court discussed petitioner's acknowledgment of the *Losh*[2] list and the following exchange took place:

> The habeas court: Before we conclude, so that the Court can understand, [p]etitioner did raise all grounds in this writ that they wish to be considered?
>
> Habeas counsel: Yes, your honor.
>
> The habeas court: You understand that all grounds not raised are thereby waived?
>
> Habeas counsel: Yes, your honor.
>
> The habeas court: And your client understands that?
>
> Habeas counsel: Yes, your honor, yes.

---

[1]In June of 1997, petitioner filed a direct appeal, and the Court affirmed petitioner's convictions and sentences in part, and remanded in part, for further hearing on petitioner's insanity defense. *See State v. Lockhart*, 200 W. Va. 479, 487, 490 S.E.2d 298, 306 (1997). On remand, the circuit court held the required evidentiary hearing and, ultimately, rejected petitioner's insanity arguments via order entered on December 17, 1998. Petitioner directly appealed the circuit court's December 17, 1998, order, and this Court affirmed. *See State v. Lockhart*, 208 W. Va. 622, 636, 542 S.E.2d 443, 457 (2000).

[2]*Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 600 (1981).

The habeas court: The [c]ourt would find that [p]etitioner has raised all grounds, and further, knowingly, intelligently, waived all grounds, any and all grounds not raised for the habeas corpus relief.

The circuit court denied petitioner's first habeas petition on July 22, 2010, and this Court affirmed that decision in *Lockhart v. Ballard*, No. 11-0407, 2011 WL 8199174, at *1 (W. Va. Oct. 25, 2011)(memorandum decision).

Petitioner, as a self-represented litigant, filed a second petition for a writ of habeas corpus in August of 2014, which is the subject of the instant appeal. Petitioner argued that he received ineffective assistance of habeas counsel because his counsel failed to advise him of various grounds of relief. The circuit court appointed petitioner counsel, who, at petitioner's direction, did not file an amended petition.

The court held an omnibus hearing on May 22, 2018. Petitioner testified that he had received the "habeas corpus notification form" and "initialed the form on various grounds that [he] wanted to assert," referring to the *Losh* list in the 2006 habeas proceeding. Petitioner stated that he has "issues" with the way habeas counsel "handled" the prior omnibus hearing. He stated that he had met with habeas counsel who had discussed each ground with him, but then stated that habeas counsel had been inadequate for not raising certain grounds petitioner had waived at the 2006 omnibus hearing. Petitioner testified that these certain claims were, in fact, meritorious. In contrast, habeas counsel testified that the issues advanced in the supplemental petition were the sole appropriate grounds for habeas relief and were the grounds advanced at the 2006 omnibus hearing. Thereafter, the court entered a final order on April 6, 2021, denying petitioner relief on all claims. Petitioner now appeals that order.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009). We also bear in mind that

> [a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner asserts that the circuit court erred in denying his ineffective assistance of habeas counsel claim on the basis that habeas counsel failed to pursue eight sub-claims regarding double jeopardy, faulty indictment, statutes of limitations, and proportionality arguments. Upon our review, we find that petitioner's ineffective assistance of habeas counsel claim is without merit and conclude that the circuit court did not err in denying the claim.[3]

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). A claim may be disposed of for failure to meet either prong of the test. Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citation omitted).

Petitioner asserts that habeas counsel was ineffective for not raising certain grounds. However, petitioner knowingly and intelligently waived those grounds at the first omnibus hearing in 2006. Petitioner testified at the first omnibus hearing that he had no other issues or grounds he wished to raise and that he understood that all remaining grounds were waived. Petitioner does not articulate any specific alleged deficiencies with prior habeas counsel's representation in his brief on appeal other than his alleged failure to raise grounds petitioner explicitly waived. The record shows that petitioner met with habeas counsel, reviewed and initialed a *Losh* list, examined witnesses, and testified on his own behalf at the first omnibus hearing. Petitioner fails to show that habeas counsel's performance was deficient under an objective standard of reasonableness given that petitioner explicitly waived the grounds he now complains habeas counsel failed to pursue at the first omnibus hearing. As such, petitioner is entitled to no relief in this regard.

Regarding petitioner's argument that habeas counsel rendered ineffective assistance of counsel by failing to timely tender a copy of this Court's denial of his 2006 habeas petition, thus precluding his federal appeal, we find this argument to be without merit. As the circuit court correctly observed, habeas counsel's delay in tendering a copy of the decision did not cause petitioner's federal habeas filing to be barred by the statute of limitations. Petitioner received a

---

[3]Although the circuit court addressed each of petitioner's eight sub-claims on their merits, we find that each ground was previously and finally adjudicated or waived. We may affirm the decision for any just reason appearing from the record. Syl. Pt. 4, *N.C. v. W.R.C.*, 173 W. Va. 434, 317 S.E.2d 793 (1984) ("'This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).").

copy of the decision seven months after it was rendered, which was within the one-year statute of limitations for filing a federal habeas claim. *See* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and the "limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Accordingly, we find no error in the circuit court's denial of petitioner's claim of ineffective assistance of habeas counsel.

For the foregoing reasons, we affirm the circuit court's April 6, 2021, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** August 31, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn