# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Randy C.,**
**Petitioner Below, Petitioner**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0102** (Cabell County 14-C-732 and 17-C-643)

**Russell Maston, Superintendent,**
**St. Marys Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randy C.,[1] pro se, appeals the January 18, 2018, order of the Circuit Court of Cabell County dismissing his fifth petition for a writ of habeas corpus challenging his conviction for first-degree murder.[2] Respondent Russell Maston, Superintendent, St. Marys Correctional Center,[3] by counsel Julianne Wisman, filed a response in support of the circuit court's order.

---

[1]Because petitioner's appeal from a denial of a previous habeas petition was treated as confidential, we also treat this appeal as confidential due to a need to refer to the prior appeal in *[Randy] C. v. Mirandy* ("*Randy C. I*"), No. 15-0646, 2016 WL 1547302 (W. Va. Apr. 15, 2016) (memorandum decision).

[2]In its January 18, 2018, order, the Circuit Court of Cabell County further dismissed petitioner's second habeas petition challenging the West Virginia Parole Board's 2014 denial of parole. Petitioner filed his first such petition in the Circuit Court of Kanawha County, which that court dismissed by order entered on June 16, 2015. This Court affirmed the June 16, 2015, order in *Randy C. I*. In the instant appeal, petitioner does not assign error to the dismissal of his habeas petition challenging the parole board's 2014 decision. Also, given our affirmation of an earlier dismissal of a habeas petition alleging the same grounds for relief, we find issues regarding the 2014 denial of parole were fully and finally adjudicated in *Randy C. I*. Therefore, hereinafter, we will refer to petitioner as appealing only the dismissal of his fifth petition for a writ of habeas corpus challenging his conviction for first-degree murder.

[3]Since the filing of the appeal in this case, the superintendent at St. Marys Correctional Center has changed and the superintendent is now Russell Maston. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" (Continued . . .)

Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record is sparse.[4] However, in *Randy C. I*, this Court set forth the underlying facts:

> Petitioner arrived in West Virginia on August 25, 1996, after being paroled by Illinois on a conviction of armed robbery. On August 26, 1996, petitioner's sister was murdered. On November 4, 1996, petitioner pled guilty to the first[-]degree murder of his sister. Consistent with the plea agreement, the [Circuit Court of Cabell County] sentenced petitioner to a life term of incarceration with the possibility of parole. The circuit court committed petitioner to the custody of the West Virginia Division of Corrections ("DOC"). On January 29, 1997, the DOC compiled a report stating that there was evidence that in between strangling his sister and stabbing her to death, "[petitioner] removed his sister's clothing and sexually assaulted her."[5]

2016 WL 1547302, at *1. (Footnote added).

Petitioner has filed five petitions for a writ of habeas corpus in the circuit court challenging his first-degree murder conviction. In the first habeas proceeding, the circuit court appointed petitioner habeas counsel and held an omnibus hearing on May 24, 2006, at which petitioner's trial counsel testified. By order entered on June 15, 2006, the circuit court denied petitioner's first habeas petition, finding: (1) trial counsel provided credible testimony; (2) trial counsel testified that he discussed petitioner's rights with petitioner and that he was satisfied

---

are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

[4]Petitioner requested the production of a June 4, 2015, hearing transcript from his fourth habeas proceeding. This Court granted the request by scheduling order entered on February 15, 2018, and the transcript was filed on April 25, 2018. On February 27, 2018, petitioner filed a motion to supplement the record with an appendix. By order entered on June 19, 2018, we refused petitioner's motion due to his failure to "certify that the documents . . . petitioner wishes to supplement the record with are part of the circuit court record" as required by Rule 7(c)(2)(a) of the Rules of Appellate Procedure. Accordingly, the appellate record consists only of the June 4, 2015, hearing transcript from the prior habeas proceeding and the circuit court's January 18, 2018, order from the instant case.

[5]We take judicial notice of the record in *Randy C. I*.

2

petitioner understood his rights; (3) trial counsel conducted a reasonable investigation in that he was present at petitioner's preliminary hearing, talked to the investigating officer, was granted a full review of the evidence that the State intended to produce, and was given further information about what the State would prove at the time of the plea agreement; (4) the court did nothing to hurry petitioner into agreeing to the plea "as it was [petitioner]'s wish that the case be disposed of as soon as possible[,] and there is no evidence alleged or proven which would show the [c]ourt was prejudiced against [petitioner] because of his HIV status"; and (5) at the November 4, 1996, plea hearing, petitioner gave a factual history of how he came to West Virginia to kill his sister and "at no time, did he indicate that he was innocent, had a defense[,] or was dissatisfied with his [trial] counsel." Petitioner appealed the circuit court's June 15, 2006, order, which this Court refused on July 9, 2007.[6]

Petitioner filed a second habeas petition in 2006, and the circuit court dismissed that petition by order entered on November 20, 2006. Petitioner did not appeal the November 20, 2006, order. In 2010, petitioner filed a third habeas petition, and the circuit court dismissed that petition by order entered on January 28, 2010. Petitioner appealed the circuit court's January 28, 2010, order, which this Court refused on June 22, 2010.[7]

In petitioner's fourth habeas proceeding, the circuit court held a hearing on June 4, 2015. The circuit court heard petitioner's testimony and confirmed that he had a previous and full opportunity to raise any habeas grounds he wished to:

> THE COURT: . . . The standard I have to apply today is what, if any, new grounds or new information [have] not been previously adjudicated by [the circuit court] in various earlier cases that [it] had considered. I guess [habeas counsel] filed a habeas [petition] at some point for you. Is that the one you had the hearing in? Did you come to this courthouse at some point and have a hearing similar to this?
>
> [Petitioner]: Yes, sir.
>
> THE COURT: And[,] that you then argue[d] that you had ineffective assistance from [trial counsel]?
>
> [Petitioner]: Yes, that's true.
>
> THE COURT: And[,] did you argue that you involuntarily pled guilty?
>
> [Petitioner]: Yes

---

[6]We take judicial notice of the record in Supreme Court No. 063143.

[7]We take judicial notice of the record in Supreme Court No. 100444.

THE COURT: And[,] that you were not mentally competent to plead guilty at that time?

[Petitioner]: Yes, sir.

By order entered on July 16, 2015, the circuit court denied petitioner's fourth habeas petition. Petitioner did not appeal the July 16, 2015 order.

On November 17, 2017, petitioner filed his fifth habeas petition alleging ineffective assistance of trial counsel and an involuntary guilty plea. By order entered on January 18, 2018, the circuit court dismissed the habeas petition, finding:

> Petitioner has had numerous previous [h]abeas [c]orpus proceedings[,] including an omnibus hearing. Accordingly, [the doctrine of] res judicata applies to all matters raised . . . or which with reasonable diligence could have been known. Petitioner has not raised any of the narrow exceptions[,] which may allow for a [subsequent] [h]abeas [c]orpus proceeding[,] and this [p]etition may be properly dismissed without appointment of counsel or [an] omnibus hearing.

(Emphasis omitted). Petitioner now appeals the circuit court's January 18, 2018, order.

In Syllabus Point 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

In Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner raises for the first time newly discovered evidence and several other issues that the appellate record fails to show petitioner raised before the circuit court. Rule 10(c)(7) of the Rules of Appellate Procedure provides, in pertinent part: "[Petitioner's] argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references

to the record on appeal." Therefore, we disregard those arguments that petitioner cannot show he presented to the circuit court. *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that issues based on a "missing record" will be ignored).

Respondent argues that ineffective assistance of trial counsel and an involuntary guilty plea constitute issues that were fully and finally adjudicated in a prior habeas proceeding. We agree. Here, petitioner previously testified that he raised each of those issues at the May 24, 2006, omnibus hearing in the first habeas proceeding. Therefore, based upon our review of the record, we concur with the circuit court's finding that the doctrine of res judicata barred petitioner from raising those issues in a successive habeas petition. *See Call v. McKenzie*, 159 W. Va. 191, 194, 220 S.E.2d 665, 669 (1975) (finding that post-conviction litigation must end at some point because, "[w]hile a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*"). Accordingly, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's fifth habeas petition.

For the foregoing reasons, we affirm the circuit court's January 18, 2018, order dismissing petitioner's fifth petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: December 20, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5