# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Keith A.,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0151** (Gilmer County 2019-P-30)

**Karen Pszczolkowski, Superintendent, Northern**
**Regional Correctional Center,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION


Petitioner Keith A.,[1] by counsel Andrew Boling Chattin, appeals the order of the Circuit Court of Gilmer County, entered on October 28, 2020, denying his petition for a post-conviction writ of habeas corpus. Respondent State of West Virginia appears by counsel Patrick Morrisey and Katherine M. Smith.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. A. is incarcerated for a collective term of ten to twenty years for his conviction of three counts of sexual abuse by a parent and three counts of sexual abuse in the first degree. Mr. A.'s conviction was affirmed on direct appeal in *State v. Keith A.*, No. 17-0262, 2018 WL 2175545 (W. Va. May 11, 2018) (memorandum decision). Mr. A. filed a petition for writ of habeas corpus in the Circuit Court of Gilmer County in May of 2019. The circuit court conducted an omnibus hearing and denied Mr. A.'s petition by a final order entered on October 28, 2020.

On appeal, Mr. A. asserts seven assignments of error. He argues that the circuit court failed to recognize that his state and federal due process rights were violated when: 1) the trial court denied his motion to dismiss the indictment because his criminal charges arose from the same

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

circumstances as those set forth in an abuse and neglect petition naming him as a respondent, and the State therefore was collaterally estopped from criminal prosecution; 2) the trial court allowed the introduction of prejudicial evidence of disciplinary records showing that Mr. A. viewed pornography at his place of employment; 3) the trial court denied his motion for judgment of acquittal based on the insufficiency of the evidence; 4) the trial court allowed the introduction of evidence of a vulgar text message Mr. A. sent to his daughter, the victim; 5) the trial court allowed the State to elicit perjured testimony from a witness; 6) the trial court failed to address improper communication between a witness and the jury; and 7) Mr. A. received ineffective assistance of counsel.

We review the denial of a petition for a writ of habeas corpus under the following standard:

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

We find that Mr. A.'s first, second, third, and fourth assignments of error were squarely addressed on direct appeal. In *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court explained that our post-conviction habeas corpus statute found in Chapter 53, Article 4A of our code

contemplates that every person convicted of a crime shall have a fair trial in the circuit court, an opportunity to apply for an appeal to this Court, and one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues *which have not previously been fully and fairly litigated.*

*Losh*, 166 W. Va. at 764, 277 S.E.2d at 609 (emphasis added). Furthermore, Mr. A. has failed to offer any reason that his fifth and sixth assignments of error (about which he offers little discussion) were not or could not have been presented on direct appeal. "[T]here is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syl. Pt. 1, in part, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972). For these reasons, we find that Mr. A.'s first six assignments of error are not properly before the Court because each was either fully and fairly litigated or waived.

With respect to Mr. A.'s seventh and final assignment of error (that his trial counsel was ineffective), he conclusively "alleges" a number of actions that his trial counsel "should have" taken. Mr. A.'s argument in this regard is offered without elucidation or citation to the appendix record on appeal. Critically, despite the habeas court's having conducted an omnibus hearing, Mr. A. does not refer to any evidence derived therefrom. Consequently, Mr. A.'s brief fails to meet our standards for presentation of an appeal. *See* W. Va. R. App. P. 10(c)(7) ("The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint

when and how the issues in the assignments of error were presented to the lower tribunal."). Moreover, the habeas court denied the petition for relief on this ground upon finding that Mr. A. made only "vague, blanketed[,] and generalized assertions[,]" but Mr. A. nevertheless failed to expound on his claim of ineffective assistance on appeal. We are, therefore, presented with no reason to find that Mr. A.'s counsel's performance was objectively deficient or that the trial proceedings might have yielded a difference outcome but for unprofessional errors of counsel. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

3