**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Timothy C.,
**Petitioner Below, Petitioner**

**vs.) No. 22-0147** (Jackson County 18-C-13)

Shawn Straughn, Superintendent,
**Northern Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy C. appeals the January 28, 2022, order of the Circuit Court of Jackson County denying his petition for a writ of habeas corpus, arguing that the circuit court erred in concluding that he did not receive ineffective assistance from his trial and appellate counsel.[1,2,3] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Conviction and Direct Appeal

---

[1] Petitioner appears by counsel Edward L. Bullman. Respondent Shawn Straughn, Superintendent of the Northern Correctional Center, appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Gail V. Lipscomb.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] Petitioner included a statement in his brief that his counsel filed the brief "on behalf of the Petitioner under West Virginia Rules of Appellate Procedure 10(c)10(a)(b) [sic]." Upon our review of the appendix record, we determine that petitioner's brief complies with Rule 10(c)(10)(a) of the West Virginia Rules of Appellate Procedure, which provides that, when appellate counsel "lacks a good faith belief that an appeal is reasonable and warranted under the circumstances," counsel should file a brief on petitioner's behalf "rais[ing] any arguable points of error advanced by the client."

In 2013, a Jackson County grand jury returned an indictment charging petitioner with several sex crimes involving two children, M.C. and A.O. Two of the charges, which named A.O. as the victim, are relevant to this case: one count of first-degree sexual abuse and one count of sexual abuse by a custodian or person in a position of trust.

Prior to petitioner's trial in 2014, the State filed a motion seeking to obtain a saliva sample from petitioner to compare his DNA to the DNA of semen discovered on a shirt belonging to M.C. The trial court granted the State's motion over petitioner's objection. DNA testing excluded petitioner as having produced the semen on the shirt, and the State sought to exclude the evidence from petitioner's trial. The trial court granted the State's request that the DNA evidence be excluded over petitioner's objection.

At petitioner's trial, the State presented the testimony of two minors—E.A. and R.E.—pursuant to Rule 404(b) of the West Virginia Rules of Evidence for the purpose of showing petitioner's lustful disposition for children. Both E.A. and R.E. testified that petitioner had molested them. During petitioner's case-in-chief, he presented evidence "show[ing] inconsistencies in the statements given by" E.A. and R.E. "concerning their allegations against the petitioner." *State v. Timothy C.*, 237 W. Va. 435, 442, 787 S.E.2d 888, 895 (2016). Additionally, he presented evidence that criminal charges against petitioner "arising from R.E.'s allegations were dismissed." *Id.* Petitioner "also presented testimony that R.E. had been encouraged by her mother to make false accusations against the petitioner." *Id.* Finally, petitioner presented evidence that both M.C. and A.O., after first making their allegations against petitioner, had denied those allegations before the trial. *Id.*

The jury found petitioner guilty on five counts—three concerning M.C. and the two concerning A.O. Petitioner was sentenced as to each of the five counts. Relevant to this appeal, for the counts involving A.O., petitioner was sentenced to five to twenty years of incarceration for first-degree sexual abuse and ten to twenty years of incarceration for sexual abuse by a custodian. The two sentences were set to run consecutively to each other.

Petitioner appealed to this Court, arguing that the trial court erred by excluding the DNA evidence that established he did not produce the semen found on M.C.'s shirt. In *Timothy C.*, the Court agreed with petitioner's argument that the DNA evidence was wrongfully excluded and reversed the three convictions involving M.C. In so deciding, the Court said, "[I]nasmuch as this evidentiary issue is unique to M.C., we further find this error was harmless as to the convictions involving A.O." *Id.* at 446, 787 S.E.2d at 899. Petitioner also argued on appeal that the evidence was insufficient to justify his conviction for sexual abuse by a custodian. The Court concluded that "there was sufficient evidence for the jury to convict the petitioner of being a custodian at the time he sexually abused A.O." *Id.* at 451, 787 S.E.2d at 904. The Court remanded the matter to the trial court for further proceedings regarding the convictions it reversed, affirming the remainder of the convictions. Petitioner was not tried again following remand of the case to the trial court. Petitioner is presently incarcerated solely on the convictions relating to A.O.

## B. Petitions for Habeas Corpus Relief

In February 2018, petitioner filed a pro se petition for a writ of habeas corpus in the Circuit

Court of Jackson County. Petitioner set forth multiple grounds upon which he claimed respondent held him unlawfully, including that his Sixth Amendment rights had been violated because his counsel conducted "No investigation[,] wouldn't interview (404-B) witnesses or at trial," and that his Fourth Amendment rights had been violated because the State "didn't have probable cause to get" his DNA. The circuit court appointed counsel to represent petitioner, and counsel filed an amended petition and *Losh* list.[4] The amended petition restated the grounds for relief set forth in the pro se petition and asserted, "During the meeting with the Petitioner, counsel explained that . . . the DNA evidence the Petitioner contends was obtained without probable cause . . . was exculpatory not inculpatory and not an issue to raise in habeas review." The amended petition further said, "The Petitioner alleges that trial counsel failed to ask 404(b) witness R.E. and alleged victim M.C. if their mothers put them up to making accusations against the Petitioner." Petitioner's habeas counsel included a statement in the amended petition averring that, upon reviewing the record, "interview[ing] trial counsel regarding the allegations made in the petition," consulting with his client, and reviewing the law, "some, most or all of the grounds the client wishes to advance are not supported by the law or evidence."

The circuit court held an evidentiary hearing on October 25, 2021. In support of his argument that his Fourth Amendment rights were violated, petitioner testified that "there's was [sic] two statements made . . . , plus the DNA evidence . . . because the chain of custody was not kept, but the judge still issued the warrant, . . . because of that, and the chain of custody should have been kept for a warrant." Regarding his trial counsel's investigation and questioning of E.A. and R.E., petitioner testified: "Because I got three or four statements in my evidence somewhere that them girls were made to put up to say that, and he wouldn't ask them questions . . . ." On cross-examination, petitioner was asked about his trial counsel's strategy in questioning M.C. and R.E. Petitioner admitted that his trial counsel had talked with him prior to the trial about how questioning would proceed, and he admitted that the way in which trial counsel questioned the witnesses was part of trial counsel's trial strategy. Petitioner's trial counsel was not called to testify at the evidentiary hearing; the only evidence presented was petitioner's own testimony.

The circuit court entered an order on January 28, 2022, denying petitioner's request for habeas relief. The circuit court determined that the Court's decision in *Timothy C.* constituted "a final adjudication on all issues but Petitioner's ineffective assistance of counsel claim," and, therefore, all issues but the ineffective assistance of counsel claim had either been waived or subject to res judicata. As for the ineffective assistance of counsel claim, the court decided that petitioner failed to show that his trial counsel's performance was deficient. Specifically, regarding petitioner's allegation that his trial counsel was ineffective in his investigation and questioning of witnesses, the court said that his trial counsel "was able to elicit testimony that a victim had previously stated Petitioner never touched the victim," "was able to show inconsistencies in the Rule 404(b) statements," and was able to "present evidence that a victim was encouraged to make false accusations." The court concluded that trial counsel's questioning of witnesses "was strategic in nature" and was made "in consultation with Petitioner." The court continued, "Petitioner's assertion that [his trial counsel] did not investigate the underlying case is inconsistent with the trial

---

[4] *See Losh v. McKenzie*, 166 W. Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981) (setting forth the checklist of grounds typically used in habeas corpus proceedings).

record of the underlying case." Ultimately, the court decided, "Petitioner failed to provide evidence to support a ground for which relief may be granted."

## II. DISCUSSION

Petitioner now appeals the circuit court's January 28, 2022, order, asking this Court to reverse the circuit court's decision. "We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016) (quoting Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006)).

Through two assignments of error, petitioner argues that he received ineffective assistance from his trial and appellate counsel. Habeas relief is available through an ineffective assistance of counsel claim when it is shown that counsel's "performance was deficient under an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

In reviewing counsel's performance,

> courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of [petitioner's] counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as [petitioner's] counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6, in relevant part. Our scrutiny of counsel's performance is "highly deferential." *Id.* at 16, 459 S.E.2d at 127 (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984)). "When assessing whether counsel's performance was deficient, we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]'" *Miller*, 194 W. Va. at 15, 459 S.E.2d at 126 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). "A defendant seeking to rebut this strong presumption of effectiveness bears a difficult burden[.]" *Id.* at 16, 459 S.E.2d at 127.

### A. Collection of DNA evidence

Petitioner contends that his counsel was ineffective by "not raising or appealing the issue of the obtaining of DNA samples from himself and the victims because there was a break in the chain of custody and the samples were obtained by violating the 4th Amendment to the United States Constitution." Petitioner cannot obtain relief on this basis. Regarding the collection of his own DNA, to the extent that petitioner claims that his counsel did not raise the issue before the trial court, the claim is based on a false premise; the record demonstrates that his counsel objected to the collection of petitioner's DNA. Regarding the collection of the victim's DNA, petitioner did not have standing to raise a Fourth Amendment claim on behalf of his victims, and so his counsel's

4

failure to assert such a claim could not have been deficient. *See State v. Payne*, 239 W. Va. 247, 257, 800 S.E.2d 833, 843 (2015) ("Fourth Amendment rights are personal rights [that] . . . may not be vicariously asserted[.]" (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)). We are bewildered by petitioner's claim that his counsel should have argued on appeal that the DNA evidence was collected in violation of the Fourth Amendment and that there was a "failure to establish a chain of custody supporting the admission of the DNA results." The DNA evidence was exculpatory, and its existence led the Court to reverse the convictions involving M.C. Further, because the evidence was excluded from petitioner's trial, the collection and handling of the evidence, even if it had been collected or handled illegally, had no effect on petitioner's convictions regarding A.O. and therefore could not warrant a new trial as to the charges involving A.O. For these reasons, petitioner's counsel's performance was not deficient under an objective standard of reasonableness, and the circuit court did not err in concluding that petitioner did not receive ineffective assistance of counsel as to the collection and handling of the DNA evidence. Accordingly, the circuit court did not abuse its discretion in concluding that petitioner was not entitled to habeas relief on this ground.

### B. Investigation and Questioning

Petitioner also argues on appeal that his counsel was "ineffective for failing to fully investigate the potential testimony and background of his accusers and failing to ask the victims named in the indictment and the Rule 404(b) witnesses who testified at trial if they were put up to testify against him falsely at trial by family members." This argument presents two issues: (1) whether petitioner's counsel conducted an inadequate investigation and (2) whether petitioner's counsel should have asked E.A. and R.E. at trial whether they were encouraged by family members to fabricate their claims against petitioner.

In support of his argument on the first issue, petitioner asserts only that "a more thorough investigation by trial counsel would have revealed animosity and evidence of inconsistencies in the accusations made against him" and "reasons to doubt the only evidence of the charges against him." We find no merit to this argument. Petitioner presented no evidence at the evidentiary hearing as to what animosity may have existed and what inconsistencies his trial counsel should have discovered. Moreover, in *Timothy C.*, we observed that petitioner presented evidence of inconsistencies in the statements given by E.A. and R.E., that R.E. had been encouraged by her mother to make false accusations against the petitioner, and that both victims had recanted their accusations against petitioner before reasserting them at trial. In short, petitioner has failed to demonstrate that his counsel's investigation of the case was deficient under an objective standard of reasonableness.

In support of his argument on the second issue, petitioner states, "[H]ad the witnesses been asked if their testimony [was] fabricated at the encouragement of others and they had admitted that their testimony was influenced by others[,] [] the result[] of his trial would have been different." Petitioner cannot prevail on this argument. In *Timothy C.*, we noted that petitioner presented evidence suggesting that R.E. fabricated her allegations against petitioner at the encouragement of her mother. Regarding A.O., E.A., and R.E., petitioner presented no evidence at the evidentiary hearing that any of these witnesses would have admitted at trial that their testimony was fabricated had they been asked, nor did he present the testimony of his trial counsel as to counsel's cross

examination strategy. In sum, the circuit court was left "to determine whether ineffective assistance of counsel was apparent on the face of the trial transcript, without the benefit of testimony from '"the most significant witness, the trial attorney."'" *Frank A. v. Ames*, 246 W. Va. 145, 168-69, 866 S.E.2d 210, 233-34 (2021) (quoting *Tex S. v. Pszczolkowski*, 236 W. Va. 245, 253-54, 788 S.E.2d 694, 702-03 (2015)). While "an attorney's strategy is rarely obvious from the trial transcript or appellate record," *Painter v. Ballard*, No. 15-0540, 2016 WL 3349168, at *3 (W. Va. June 15, 2016) (memorandum decision), in this instance, petitioner himself testified that it was part of his counsel's strategy not to question M.C. and R.E. about whether others had encouraged them to fabricate their testimony. We have previously recognized that, in cases where a witness is a minor and a victim of sexual abuse or assault, trial counsel may reasonably and strategically limit his or her questioning of the witness. *See, e.g.*, *Frank A.* 246 W. Va. at 169, 866 S.E.2d at 234 ("[M]any of the petitioner's complaints stem from his apparent belief that counsel should have more aggressively cross examined A.A. However, although there was quite a bit of impeachment evidence available on which to challenge A.A.'s credibility . . . counsel could reasonably have chosen to refrain from 'hammering' a young woman who was reliving a trauma[.]"); *Harold B. v. Ballard*, No. 16-0029, 2016 WL 5210852, at *5 (W. Va. Sept. 19, 2016) (memorandum decision) ("[I]t is more than reasonable to believe that a harsh cross-examination of a five year old alleged sexual assault victim would prove distasteful to a jury. Therefore, because trial counsel made reasonable tactical decisions regarding the victim's cross-examination, this ground is not sufficient to support a claim for habeas corpus relief."). Because we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, we can reasonably presume that trial counsel's questioning of A.O. and E.A. was also strategic. In the absence of trial counsel's testimony explaining his strategy, we must conclude, as the circuit court did, that petitioner has failed to sustain his burden of establishing that his trial counsel's performance was deficient under an objective standard of reasonableness. Therefore, the circuit court did not err in concluding that petitioner did not receive ineffective assistance of counsel as to the investigation of the witnesses and questioning of the witnesses. Ultimately, the circuit court did not abuse its discretion in concluding that petitioner was not entitled to habeas relief on this ground.[5]

For the foregoing reasons, we affirm.

Affirmed.

---

[5] In a third assignment of error, petitioner asserted:

[T]here was insufficient evidence Petitioner was a guardian or person in a position of trust and whether he should have been granted a new trial regarding the offenses alleged to have been committed against A.O. based upon the exclusion of DNA evidence at trial. Those issues have been fully litigated before this Court. They are raised here to preserve them for possible federal review.

As the issues in this assignment of error were decided in petitioner's direct appeal, we will not address them here.

**ISSUED:**  September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn